Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

Attorney for Plaintiff,
NATASCHA LINDEMANN

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| NATASCHA LINDEMANN, | Case No. 2:25-cv-5814 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| SKIN BY CHARLOTTE, LLC; CHARLOTTE KIRNOS EBRAHIMI, individually; and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff Natascha Lindemann, through her undersigned counsel, brings this Complaint against Defendants Skin By Charlotte, LLC; Charlotte Kirnos Ebrahimi, individually; and DOES 1 through 10, inclusive, and alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

**PARTIES**

2.      Plaintiff Natascha Lindemann ("Lindemann") is an individual and professional photographer residing in Germany.

1

3.     Upon information and belief, Defendant Skin By Charlotte, LLC ("Skin By Charlotte") is a limited liability corporation organized and existing under the laws of the State of California with a principal office located at 1235 Lago Vista Drive, Beverly Hills, CA 90210.

4.     Upon information and belief, Defendant Charlotte Kirnos Ebrahimi ("Ebrahimi") is an individual residing in and/or doing business in the State of California and is, or was at all relevant times, the owner of Defendant Skin By Charlotte, LLC.

5.     The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

8.     This court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California and/or Defendants transact business in the State of California.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the

acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## **FACTUAL ALLEGATIONS**

### ***Plaintiff Natascha Lindemann***

10.    Plaintiff Lindemann is a successful beauty and product photographer whose Instagram account, which features her work, has amassed over 136,000 followers.

11.    Plaintiff Lindemann has licensed her work for commercial use to Sephora, Mac Cosmetics, Artdeco, Huda Beauty, Dyson, Kylie Skin, and Wycon Cosmetics.

12.    Plaintiff Lindemann's work has also been featured in publications such as *Women's Health Magazine*, *Harper's Bazaar*, and *Cosmopolitan*.

13.    Plaintiff Lindemann's livelihood depends on receiving compensation for the photographs she produces, and the value of the work she produces is devalued when others copy and profit from her work without her permission

14.    The copyright protection afforded to Plaintiff Lindemann's work deters would-be infringers from copying and profiting from her work without permission.

15.    Plaintiff Lindemann is the sole author and exclusive rights holder to a beauty photograph of a of a female model with her eyes closed and a white skincare product applied to her face ("Skincare Photograph").

16.    Attached hereto as Exhibit A is a true and correct copy of the Skincare Photograph.

17.    Lindemann registered the Skincare Photograph with the United States Copyright Office under Registration Number VA 2-305-168 with the file name TRU2992748Jun202020 and an Effective Date of Registration of June 6, 2022.

18.    Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-305-168.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Defendants Skin By Charlotte and Ebrahimi***

19.    Upon information and belief, Defendant Skin By Charlotte is a company that provides facial products and services including facial peels, microneedling, and hydrodermabrasion with the goal of creating "bespoke results-driven treatments" for every client." *See* https://skinbycharlotte.com/.

20.    Upon information and belief, at all relevant times, Defendant Ebrahimi is, or was, the principal officer, owner, or member of Defendant Skin By Charlotte.

21.    Upon information and belief, Defendant Skin By Charlotte and/or Defendant Ebrahimi control and manage the website at https://skinbycharlotte.com/ ("Skin By Charlotte Website") which provides information about Defendant Ebrahimi and the products and services offered by Defendant Skin By Charlotte and where a user can purchase the products offered by Defendant Skin By Charlotte.

22.    Upon information and belief, Defendant Skin By Charlotte and/or Defendant Ebrahimi maintain an Instagram page under the handle @skinbycharlotte and can be found at https://www.instagram.com/skinbycharlotte/ ("Skin By Charlotte Instagram Page").

23.    The Skin By Charlotte Instagram Page contains an active hyperlink ("Skin By Charlotte Instagram Hyperlink") which the user can access to navigate to another webpage containing another hyperlink entitled "Website" ("Hyperlink Page").

24.    From the Hyperlink Page, the user can access the "Website" hyperlink to navigate to the Skin By Charlotte Website.

25.    Attached as Exhibit C are a true and correct screenshot of the Skin By Charlotte Instagram Page, including the access location of the Skin By Charlotte Instagram Hyperlink, and a true and correct screenshot of the Hyperlink Page that the Skin By Charlotte Instagram Hyperlink navigates to which includes the access location for the Skin By Charlotte Website.

26.    Collectively, the Skin By Charlotte Website and the Skin By Charlotte Instagram Page will be referred to as the "Skin By Charlotte Business Platforms."

27.    Defendants Skin By Charlotte and Ebrahimi generate content on the Skin By Charlotte Business Platforms for commercial purposes to market and promote Skin By Charlotte's products and services, to attract user traffic to Skin By Charlotte, and to increase the customer base and revenue for Skin By Charlotte.

28.    At all relevant times, Defendants Skin By Charlotte and Ebrahimi had the ability to supervise and control all content on the Skin By Charlotte Business Platforms.

29.    At all relevant times, Defendant Skin By Charlotte and Defendant Ebrahimi had a direct financial interest in the content and activities of the Skin By Charlotte Business Platforms (including the activities alleged in this Complaint).

30.    At all relevant times, the Skin By Charlotte Business Platforms were readily accessible to the general public throughout California, the United States, and the world.

31.    At all relevant times, the Defendants named in this Complaint (including Skin By Charlotte and Ebrahimi) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

### *Defendants Willful, Unauthorized Use of the Skincare Photograph*

32.    On or about November 18, 2024, Plaintiff Lindemann discovered her Skincare Photograph being used on the Skin By Charlotte Instagram Page, in a post, dated September 27, 2024, combined with text content stating "Don't let dry skin steal your glow! Moisturizing is key to maintaining healthy, hydrated skin. That's where the Jan Marini Transformation Face Cream comes in. A luxurious cream packed with powerful antioxidants and peptides that help reduce the appearance of fine lines, wrinkles, and uneven skin tone. Plus, it's incredibly hydrating, leaving your skin feeling soft and supple. ("Instagram Post").

33.    The Instagram Post also contained a directive to "Head over to the link in my bio to purchase it today!"

34.    Attached hereto as Exhibit D is a true and correct screenshot of the Skincare Photograph as used on the Skin By Charlotte Instagram Page in the Instagram Post.

35.    Defendants advertise the price of the Jan Marini Transformation Face Cream for $125.00 on the Skin By Charlotte Website.

36.    Attached hereto as Exhibit E is a true and correct screenshot of the Jan Marini Transformation Face Cream as advertised on the Skin By Charlotte Website.

37.    Plaintiff Lindemann did not grant Defendant Skin By Charlotte or Defendant Ebrahimi a license, permission, or authorization to use, make a copy of, or publicly display the Skincare Photograph on the Skin By Charlotte Instagram Page.

38.    Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Skincare Photograph and caused the Skincare Photograph to be uploaded to and displayed on the Skin By Charlotte Instagram Page.

39.    Plaintiff Lindemann is informed and believes that the purpose of the use of the Skincare Photograph on the Skin By Charlotte Instagram Page was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendant Skin By Charlotte and Defendant Ebrahimi's to support Defendants' marketing message of creating "bespoke results-driven treatments for every client" and to support Defendants' marketing goals to entice users to browse through the Skin By Charlotte Instagram Page and ultimately access the Skin By Charlotte Instagram Hyperlink to navigate to the Skin By Charlotte Website and purchase facial products and services from Defendant Skin By Charlotte which would generate revenue for Defendants.

40.    Plaintiff Lindemann is informed and believes that the purpose of the use of the Skincare Photograph in the Skin By Charlotte Instagram Post was to couple a high-quality, professionally-produced photograph with other content to act as a draw to the Jan Marini Transformation Face Cream sold by Defendants, to assist the Skin

By Charlotte Instagram Page viewer in visualizing use of the Jan Marini Transformation Face Cream and imagining the suggested results the Jan Marini Transformation Face Cream would provide, and to bolster and lend credibility and integrity to Defendant Skin By Charlotte's reputation in the skincare and cosmetic industry.

41.    Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, publicly displayed, published, and otherwise held out to the public Lindemann's original and unique Skincare Photograph for commercial purposes and to acquire a direct financial benefit from use of the Skincare Photograph.

42.    Specifically, Defendants intended for the Skincare Photograph to act as a draw to the Skin By Charlotte Instagram Page where the viewer would ultimately use the Skin By Charlotte Instagram Hyperlink to navigate to the Skin By Charlotte Website and purchase the Jan Marini Transformation Face Cream from and generate revenue for Defendants Skin By Charlotte and Ebrahimi.

43.    After discovering the unauthorized use of the Skincare Photograph on the Skin By Charlotte Instagram Page, Plaintiff Lindemann, through Higbee & Associates, sent cease and desist correspondence to Defendant Skin By Charlotte with a demand for licensing fees for the unauthorized use of the Skincare Photograph, but the parties were unable to resolve the matter.

44.    Defendants willfully infringed upon Plaintiff Lindemann' rights in her Skincare Photograph because, *inter alia*, Defendants knew, or should have known, that they did not have a legitimate license, permission, or authorization from Plaintiff Lindemann to use the Skincare Photograph on the Skin By Charlotte Instagram Page.

1
2
3

## **FIRST CAUSE OF ACTION**

## **COPYRIGHT INFRINGEMENT**

### **17 U.S.C. § 101 *et seq***

4
5

45.     Plaintiff  incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

46.     Plaintiff  owns a valid copyright in the Skincare Photograph.

7
8

47.     Plaintiff   registered the Skincare Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

9
10
11
12

48.     Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed Lindemann's unique and original Skincare Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

13
14

49.     Defendants willfully infringed upon Plaintiff's rights in his copyrighted Skincare Photographs in violation of Title 17 of the U.S. Code.

15
16

50.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

17
18
19
20

51.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, for each infringement, pursuant to 17 U.S.C. § 504(c).

21
22
23

52.     As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

24
25

53.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

26

### **DEMAND FOR JURY TRIAL**

27

54.     Plaintiff hereby demands a trial by jury in the above matter.

28

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

• For a finding that Defendants infringed Plaintiff's copyright interest in the Skincare Photograph by copying and publicly displaying it without a license or consent;

• For a finding that Defendants' conduct was willful;

• For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

• For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

• For an injunction preventing Defendants from further infringement of Lindemann's copyrighted works pursuant to 17 U.S.C. § 502;

• For pre-judgment and post-judgment interest as permitted by law; and

• For any other relief the Court deems just and proper.

Dated:      June 26, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
*Counsel for Plaintiff*